UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**FELIX PEREIRA,**

      **Plaintiff,**

v.                                                 **Case No: 6:23-cv-01014-CEM-EJK**

**CUTTING EDGE LANDSCAPING
& SERVICES, LLC, and
THOMAS CORTRIGHT,
individually**

      **Defendants.**

**ORDER**

This cause comes before the Court on Plaintiff's Motion for Entry of Clerk's Default (the "Motion"), filed April 19, 2024. For the reasons set forth below, the Motion is due to be granted in part and denied in part.

**I.    BACKGROUND**

On May 31, 2023, Plaintiff Felix Pereira instituted this action against Cutting Edge Landscaping & Services, LLC, for violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219. (Doc. 1.) On October 19, 2023, before serving Cutting Edge Landscaping & Services, Plaintiff filed an Amended Complaint adding Thomas Cortright, the purported owner of Cutting Edge Landscaping & Services, as a Defendant. (Doc. 13) Plaintiff now seeks a clerk's default against Cutting Edge Landscaping & Services, LLC, and Thomas Cortright for failure to plead or otherwise

defend this lawsuit after Plaintiff served them on November 28, 2023, by leaving a copy of the Summons and Complaint with Sue Cortright. (Doc. 18.)

## II. STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III. DISCUSSION

Federal Rule of Civil Procedure 4(h) provides that service on a limited liability company may be perfected by providing a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). A limited liability company may also be served by following state law. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1). Under Florida law, if the limited liability company cannot be served via its registered agent after a good faith attempt, process may be served on:

> (a) Any manager of a manager-managed domestic limited liability company or registered foreign limited liability company.
>
> (b) Any member of a member-managed domestic limited liability company or registered foreign limited liability company.

> (c) Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended.

Fla. Stat. § 48.062(3)(a)–(c). According to Florida's Division of Corporations, the registered agent for Defendant Cutting Edge Landscaping & Services, LLC, is Republic Registered Agent LLC, which is located at an address other than the one where service was effectuated.[1] Further, the Affidavit of Service does not indicate that Plaintiff made a good faith attempt to serve the registered agent, as required by Florida Statute § 48.062(3). Lastly, Plaintiff does not explain how Sue Cortright, who is not a member or manager of the corporation according to the corporate Defendant's most recent Annual Report, is authorized to accept service on behalf of Defendant at an address not listed on Defendant's most recent Annual Report or Articles of Organization. (*See* n.1). Therefore, the Motion is due to be denied as to Defendant Cutting Edge Landscaping & Services, LLC.

Next, service of process on individuals is governed generally by Florida Statutes § 48.031(1)(a), which states:

---

[1] *Detail by Entity Name of Cutting Edge Landscaping & Services LLC,* Division of Corporations, an official State of Florida Website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquirytype=EntityName&directionType=Initial&searchNameOrder=CUTTINGEDGELANDSCAPINGSERVICES%20L180001507450&aggregateId=flal-l18000150745-95afdf16-61b1-4486-a161 e35e445246e8&searchTerm=Cutting%20Edge%20Landscaping%20Services&listNameOrder=CUTTINGEDGELANDSCAPINGSERVICES%20L180001507450 (last visited July 15, 2024).

> Service of original process is made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents. Minors who are or have been married shall be served as provided in this section.

The Affidavit of Service establishes that Thomas Cortright was served by leaving a copy of the Summons and Complaint (Doc. 1) at his usual abode with his mother, Sue Cortright, who is 15 years of age or older and was informed of the contents contained in the service package. (Doc. 18 at 1.) Because Cortright was served on November 28, 2023, and more than 21 days have passed with no responsive pleading filed, default is appropriate against him. Fed. R. Civ. P. 12(a)(1)(A)(i).

Accordingly, it is **ORDERED** Plaintiff's Motion for Entry of Clerk's Default (Doc. 22) is **GRANTED in part and DENIED in part**. The Clerk is **DIRECTED** to enter default as to Defendant Thomas Cortright. Otherwise, the Motion is **DENIED without prejudice**. Plaintiff may have through and until **September 6, 2024**, to file a renewed motion for clerk's default that addresses the issues noted above, or to effect proper service upon Defendant Cutting Edge Landscaping & Services, LLC.

**DONE** and **ORDERED** in Orlando, Florida on August 6, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE