UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FELIX PEREIRA,

        **Plaintiff,**

v.                                        **Case No: 6:23-cv-1014-CEM-EJK**

CUTTING EDGE LANDSCAPING
& SERVICES LLC and THOMAS
CORTRIGHT,

        **Defendants.**

## ORDER

This cause comes before the Court on Plaintiff's Renewed Motion for Entry of Clerk's Default against Defendant Cutting Edge Landscaping & Services, LLC (the "Motion") (Doc. 26), filed September 6, 2024. For the reasons set forth below, the Motion will be denied without prejudice.

## I.    BACKGROUND

On May 31, 2023, Plaintiff Felix Pereira instituted this action against Cutting Edge Landscaping & Services, LLC ("Cutting Edge"), for violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219. (Doc. 1.) On October 19, 2023, before serving Cutting Edge, Plaintiff filed an Amended Complaint adding Thomas Cortright, the purported owner of Cutting Edge, as a Defendant. (Doc. 13.) On April 19, 2024, Plaintiff filed a Motion for Clerk's Default (Doc. 22) against both Defendants for failure to plead or otherwise defend this lawsuit after Plaintiff served them on

November 28, 2023, by leaving a copy of the Summons and Complaint with Sue Cortright. (Docs. 17, 18.) This Court granted Plaintiff's Motion for Clerk's Default as to Cortright but not as to Cutting Edge. (Doc. 24.) Plaintiff now files this renewed Motion as to Cutting Edge. (Doc. 26.)

## II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 F. App'x 883, 885 (11th Cir. 2007) (unpublished).

## III.   DISCUSSION

Federal Rule of Civil Procedure 4(h) provides that service on a limited liability company may be perfected by providing a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(h)(1)(B). A limited liability company may also be served by following state law. Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

Under Florida law, if the limited liability company cannot be served through its registered agent after a good faith attempt, process may be served on:

(a)   Any manager of a manager-managed domestic limited liability company or registered foreign limited liability company.

(b)   Any member of a member-managed domestic limited liability company or registered foreign limited liability company.

(c)   Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended.

(4)   If, after due diligence, process cannot be completed under subsection (2). . .

(5)   **If the address for the registered agent or any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended, is a residence, a private mailbox, a virtual office, or an executive office or mini suite, service on the domestic or foreign limited liability company may be made by serving any of the following:**

(a)   The registered agent of the domestic limited liability company or registered foreign limited liability company, in accordance with Florida Statute § 48.031.

(b)   Any person listed publicly by the domestic limited liability company or registered foreign limited liability company on its latest annual report, as most recently amended, in accordance with Florida Statute § 48.031.

(c)   **Any member or manager of a domestic limited liability company or registered foreign limited liability company, in accordance with Florida Statute § 48.031.**

Fla. Stat. § 48.062(3)(a)–(5)(c) (emphasis added). In turn, Florida Statute § 48.031

provides:

> Service of original process is made by delivering a copy of it
> to the person to be served with a copy of the complaint,
> petition, or other initial pleading or paper **or by leaving the
> copies at his or her usual place of abode with any person
> residing therein who is 15 years of age or older and
> informing the person of their contents.** Minors who are or
> have been married shall be served as provided in this
> section.

Fla. Stat. § 48.031(1)(a) (emphasis added).

According to Florida's Division of Corporations, the registered agent for

Cutting Edge is Republic Registered Agent LLC, which is located at 1150 NW 72nd

Avenue Tower 1, Suite 455, Miami, FL 33126, a different address than the one where

service was effectuated.[1]  The Affidavit of Service indicates that Cortright's co-resident

and mother, Sue Cortright, who is 15 years of age or older, was served a copy of the

Summons and Complaint at Defendant Cortright's usual place of abode of 5675 Deer

Path Lane, Sanford, Florida 32771, and Sue Cortright was informed of the contents

contained in the service package. (Doc. 17.)

---

[1] *Detail by Entity Name of Cutting Edge Landscaping & Services LLC,* Division of
Corporations, an official State of Florida Website,
https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquiryty
pe=EntityName&directionType=Initial&searchNameOrder=CUTTINGEDGELA
NDSCAPINGSERVICES%20L180001507450&aggregateId=flal-l18000150745-
95afdf16-61b1-4486-a161
e35e445246e8&searchTerm=Cutting%20Edge%20Landscaping%20Services&listNa
meOrder=CUTTINGEDGELANDSCAPINGSERVICES%20L180001507450 (last
visited Nov. 4, 2024).

Cutting Edge's most recent annual report shows that Cortright is a member or manager of Cutting Edge. According to Cutting Edge's most recent annual report, Cortright's listed address is 3140 Tunisia Drive, Deltona, Florida, 32738. Plaintiff states that since the registered agent's registered address was vacant when the process server attempted service, the server properly effectuated service on Cutting Edge pursuant to Florida Statute § 48.031(1)(a) by serving Cortright at a residence through an adult co-resident at Defendant Cortright's usual place of abode. (Doc. 26 at 4.) Plaintiff also cites Florida Statute § 48.081 (*Id*. at 3), but Florida Statute § 48.062 is the applicable statute here since service on a domestic limited liability company is at issue. Significantly, Plaintiff does not explain how either the registered agent's registered address or Defendant Cortright's address listed on Defendant Cutting Edge's most recent annual report qualifies under § 48.062(5) for service pursuant to § 48.031(1)(a).

Accordingly, it is **ORDERED** Plaintiff's Motion for Entry of Clerk's Default (Doc. 26) is **DENIED WITHOUT PREJUDICE**. Plaintiff may have through and until **December 7, 2024**, to file a second renewed motion for clerk's default that addresses the issues noted above, or to effect proper service upon Defendant.

**DONE** and **ORDERED** in Orlando, Florida on November 7, 2024.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE